UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARL GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:18-cv- |
| UNITED PARCEL SERVICE, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR DECLARATORY RELIEF

1.  In this action for declaratory relief, plaintiff Carl Gregory seeks to protect his right to use the initials UPS and the logo of defendant United Parcel Service ("UPS") to identify himself as an employee of UPS, in the course of criticizing the manner in which UPS treats its employees and, specifically, objecting to a recently negotiated proposed collective bargaining contract between UPS and the International Brotherhood of Teamsters ("IBT"). UPS has demanded that Gregory stop using a card displaying a photograph of Gregory wearing his UPS uniform and standing beside a UPS delivery vehicle, on the ground that the card infringes and dilutes UPS's trademark rights in the uniform as well as the "trade dress" of brown and yellow colors. Gregory asks the Court to declare that his card does not violate UPS's rights under the trademark laws and that the purported trademark claims are forbidden by the

First Amendment.

JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of this action under 15 U.S.C. §§ 1114(1) and 1121, and 28 U.S.C. §§ 1331, 1337, 1338 and 1367.

3. The Court has personal jurisdiction over defendant UPS because it is headquartered in Atlanta, Georgia.

4. Venue is proper in this judicial district under to 28 U.S.C. § 1391(b)(1), because defendant is headquartered in this district.

PARTIES

5. Plaintiff Carl Gregory lives in Vernon, Florida. He has worked for UPS since 2015, and since 2016, he has held his current position as a part-time loader and unloader, and part-time cover and air driver, working out of the UPS facility in Panama City, Florida. He is a member of the IBT and of Teamsters Local 991, as well as of Teamsters for a Democratic Union ("TDU").

6. Defendant UPS is a corporation headquartered in Atlanta, Georgia. Most of its employees are represented in collective bargaining by the IBT.

FACTS

A. Gregory's Challenged Use of the Mark

7. Over the course of the past year, UPS has been negotiating a proposed

collective bargaining agreement ("CBA") with the IBT.

8. Gregory has been dissatisfied with the course of the negotiations and with the proposed CBA. He has distributed written materials critical of UPS and of the IBT, including copies of the Teamsters Voice, the national publication of TDU, at several UPS facilities in Florida and elsewhere.

9. To identify himself as a UPS employee to the recipients of these written materials, and thus as somebody who understands the problems facing UPS employees, Gregory created a small card, measuring 3-1/2 inches by 2 inches, identifying himself both as a UPS employee and as an active member of both Local 991 and TDU. The card includes a photograph of himself in a brown UPS employee uniform and wearing a brown UPS cap. The cap is emblazoned with the UPS logo in yellow letters. Gregory is depicted standing beside a UPS delivery vehicle (known within the company as "package car"), which also bears a portion of the UPS logo in yellow letters. The card itself is dark gray (or light black) on the top and the bottom, but across the upper part of the card is an area of shimmering golden color. Gregory's name, the phrase "TDU Union Activist," his email address and phone number, an invitation to "Join Our Facebook Group," and the slogan "Reform Local 991 – Never Roll Over ! ! !" are printed on the gray part of the card in light yellow letters. The URL for his web site

991WorkersUnited.com and the slogan "United – we set fire to the rain!" are imprinted in the gold band; the URL is in white letters and the slogan is in light yellow letters.

10. The card is shown below:



11. The card is shown below lying atop a UPS shipping envelope that reflects the UPS color scheme:



12. Gregory's card is non-commercial, existing for the purpose of accompanying the distribution of literature criticizing UPS and commenting on the IBT's activities regarding UPS, especially its collective bargaining.

13. Gregory does not use his card in connection with the sale or advertising of goods or services.

14. Gregory's intended future use of his card is entirely non-commercial, and is not in connection with the sale or advertising of goods or services.

15. Gregory's use of a photograph that depicts him in a UPS uniform and standing beside a UPS delivery vehicle, on a card whose color scheme is gold and dark gray, is not likely to cause confusion about whether the card itself is authorized by UPS, or whether the materials distributed with the card represent UPS's own communications.

16. Union-related discussions about UPS commonly use the UPS colors of brown and yellow, and photographs portraying UPS employees using their uniforms including the UPS logo, without objection by UPS. For example, the IBT runs a web site about its UPS contract negotiations, upsrising.org, that uses the precise brown and yellow colors adopted by UPS for its trade dress, and that includes photographs of UPS employees in uniform. UPS has not claimed that these uses violate its trademark rights.

17. Gregory makes fair use of the trademark "UPS" for the purpose of identifying the employer for which he works and whose treatment of employees he hopes to reform.

B.  The UPS Claims of Trademark Infringement and Dilution

18.  On July 6, 2018, UPS, through counsel, sent a demand letter to Gregory, contending that Gregory's use of his card violated UPS's trademark rights, and demanded that he destroy the cards and sign an agreement not to use UPS's marks in the future without the company's consent.  The letter further asserted that "the color scheme of the card is extremely similar to UPS brown and gold."

19.  In fact, neither the gold nor the dark gray parts of the card correspond to the yellow and brown colors that UPS uses commercially.

20.  On July 10, 2018, Gregory, through counsel, responded to UPS counsel, explaining why both the trademark laws and the First Amendment protect Gregory's right to use the card for non-commercial communications about UPS.

21. On July 17, counsel for UPS confirmed that UPS's trademark claims were based on the Lanham Act's infringement and dilution provisions, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), as well as certain Florida trademark statutes.  On

behalf of UPS, he again demanded that Gregory sign an agreement committing not to use the UPS marks without the company's express written consent, and threaten to pursue its claims if Gregory did not so agree.

CAUSES OF ACTION FOR DECLARATORY RELIEF

22. Gregory maintains that his prior, current and intended future uses of the UPS logo on his card, the use of a photograph depicting him in a UPS uniform and standing next to a UPS delivery vehicle, and his use of gold and dark gray colors on the card, were, are and will be at all times legal. Defendant UPS asserts that such actions by plaintiff were, are, and will be illegal.

23  Defendant UPS's actions have given rise to an actual and justiciable controversy pursuant to 28 U.S.C. § 2201 et seq.

24. Gregory therefore seeks a declaratory judgment that he has neither infringed any trademark nor falsely designated any origin, and that he is not in violation of either Section 32 of the Lanham Act, 15 U.S.C. § 1114, or Subsections 43 (a) or (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) or (c).

25. Gregory also seeks a declaratory judgment that he is not infringing under the law of Florida law or of any relevant state, and that he has not engaged and is not engaging in unfair competition or otherwise in violation of any common-law trademark rights or any other causes of action that defendant

may allege through counterclaims.

26. Gregory further seeks a declaratory judgment that any claims that defendant might have had under federal or state trademark laws against his use of his card are barred by the First Amendment and by principles of fair use, including nominative use.

WHEREFORE, Gregory prays the Court to enter a judgment in favor of plaintiff, and against defendant United Parcel Service, as follows:

A. Declaring that plaintiff's use of the UPS logo, of the photograph of himself in a UPS employee uniform and standing in front of a UPS delivery vehicle, and of yellow and dark gray colors on his card does not violate defendant's rights under the Lanham Act or other trademark law;

B. Declaring that plaintiff's use of the UPS logo and of yellow and dark gray colors on his card is fair use and protected under the First Amendment, and does not infringe on defendant's mark;

C. Declaring that defendant is not entitled to an injunction or damages against plaintiff using the UPS logo and of yellow and dark gray colors on his card;

D. Awarding plaintiff his costs and reasonable attorney fees in this matter; and

E.  Awarding such other relief as may be just and proper.

        Respectfully submitted,
        this 20th day of August, 2018


         /s/ Paul Alan Levy
        Paul Alan Levy (pro hac vice sought)
        Sean M. Sherman

        Public Citizen Litigation Group
        1600 20th Street NW
        Washington, D.C. 20009
        (202) 588-1000
        plevy@citizen.org


         /s/ Zack W. Greenamyre
        Zack W. Greenamyre, Georgia Bar #293002

        Mitchell & Shapiro LLP
        One Securities Centre
        Suite 650
        3490 Piedmont Road, NE
        Atlanta, GA 30305
        (404) 812-4747
        (404) 812-4740 (fax)
        zack@mitchellshapiro.com